No. 05-219

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 335N

MELVIN JEWART,

        Plaintiff and Appellant,

   v.

ROGER HOUGEN, d/b/a LUCKY CUSS CASINO,

        Defendant and Respondent.

APPEAL FROM:    The District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 2000-351,
Honorable Mark Guenther and Honorable Loren Tucker, Presiding Judges

COUNSEL OF RECORD:

        For Appellant:

        Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

        For Respondent:

        Barry G. O'Connell, Moore, O'Connell & Refling, Bozeman, Montana

Submitted on Briefs:  November 2, 2005

Decided:  December 22, 2005

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Melvin Jewart (Appellant) appeals the order imposing sanctions on his counsel and the judgment in favor of the Defendant entered in the Eighteenth Judicial District Court, Gallatin County.  We affirm.

¶3     Appellant raises several issues on appeal, though he primarily focuses on the propriety of sanctions imposed on his counsel for inappropriate discovery tactics.  At the time of discovery, two cases arising out of the same incident, a physical altercation, were consolidated in the District Court.  In an escalation of already contentious litigation, Appellant's counsel made no less than four motions for sanctions in the consolidated cases.  Opposing counsel in each of the cases ultimately made cross-motions for sanctions against Appellant's counsel.  The District Court granted the cross-motions in part, noting that it was limiting the grant of sanctions, based, in part, on what it perceived to be the relative inexperience of counsel.  Ultimately, the case was tried to a jury, resulting in a verdict in favor of Defendant/Respondent.

¶4 After review of the District Court's order and the parties' arguments, we cannot conclude that the District Court abused its discretion by imposing sanctions. Further, Appellant's argument that the imposition of sanctions had the effect of denying him due process of law was not raised in the District Court, and therefore was not properly preserved for appeal.

¶5 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶6 Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS